POLK COUNTY LUMBER COMPANY, a corporation, and GUL-
LEDGE LUMBER COMPANY, a corporation, *Appellants,* v.
CHARLES I. DWIGGINS, as Liquidator for COMMERCIAL
BANK & TRUST COMPANY OF HAINES CITY, a corporation,
*Appellee.*

Division B.

Opinion filed August 4, 1930.

Petition for rehearing denied September 3, 1930.

*Huffaker & Edwards* for Appellants;

*Walker & Willson* and *Robert T. Dowell,* for Appellee.

BUFORD, J.,—Appellee, Commercial Bank & Trust Com-
pany, filed bill of complaint to foreclose a mortgage making
Polk County Lumber Company and Gulledge Lumber Com-
pany, corporations, appellants.

The mortgage was executed by Gulledge Lumber Company
to J. K. Stuart on December 18, 1926, to secure the payment
of the note of that corporation for $27,000.00 payable one
year after date.

Stuart assigned the note and mortgage to Commercial Bank & Trust Company of Haines City, Florida. The bank filed suit to foreclose the mortgage. The bank became insolvent. Later Dwiggins was appointed Liquidator and was then substituted as complainant.

Decree *pro confesso* was entered against Gulledge Lumber Company. Polk County Lumber Company contested the suit.

The Chancellor in the final decree held that the appellants were jointly indebted in the full amount due under the terms of the note and mortgage, the same being principal and interest $33,288.00, attorneys' fees. $3,000.00 and costs $33.10.

Polk County Lumber Company filed appeal.

There were ten (10) assignments of error.

The case may be disposed of upon the determination of one question as to whether or not Polk County Lumber Company is liable for the debt.

The record shows that Gulledge Lumber Company became insolvent, that is, that it was unable to meet its obligations. A creditors committee was appointed to handle the affairs of the Gulledge Lumber Company, which was a foreign corporation authorized to do business in Florida.

The record shows that Polk County Lumber Company was organized for the purpose of taking over the assets and assuming the unsettled liabilities of the Gulledge Lumber Company.

The record does not show a dissolution of the corporation Gulledge Lumber Company but it does show that the assets and liabilities of the Gulledge Lumber Company were transferred to and accepted by Polk County Lumber Company on the 21st day of July, 1928, by a certain in-

strument in writing executed by the creditors committee, the material part of which is as follows:

"WHEREAS by Creditors Agreement dated January 31st, 1928, between Gulledge Lumber Company, a corporation organized under the laws of the State of Missouri, party of the first part, and W. P. Anderson, E. A. Schmid, R. E. Gulledge, J. A. Meyer, J. C. Prince, G. Edwin Walker, and T. H. Atkinson, parties of the second part, and the Consolidated Saw Mills Company, the National City Bank of St. Louis and certain other creditors of the said Gulledge Lumber Company, parties of the third part, all persons named in said agreement as parties of the second part were constituted a Creditors' Committee to whom the said Gulledge Lumber Company by said agreement conveyed, assigned, transferred, set over, quitclaimed and delivered its property, real, personal and mixed, to be held by the said Committee for the uses and purposes in said agreement set forth:

AND WHEREAS all of the creditors of the said Gulledge Lumber Company have been paid except one whose claim is being contested and the contest whereof has been assumed by the Polk County Lumber Company, which has indemnified said Committee against said claim;

AND WHEREAS the purposes for which said Creditors' Committee was appointed have been fulfilled and there no longer remains any reason for the continuance of said committee:

AND WHEREAS the said Gulledge Lumber Company has transferred the bulk of its property and assets, including all right, title and interest in and to

the property remaining in the hands of the Creditors' Committee, to the Polk County Lumber Company, a corporation organized under the laws of the State of Florida, having its principal place of business at Haines City, Florida, in consideration of the said Polk County Lumber Company assuming the payment of certain debts and transferring and delivering to the stockholders of the Gulledge Lumber Company certain stock in the Polk County Lumber Company;

"NOW THEREFORE THIS INSTRUMENT WITNESSETH that said Creditors' Committee does hereby convey, assign, transfer, set over, quitclaim and deliver to the Polk County Lumber Company, a corporation organized and existing under the laws of the State of Florida, all, each and every, right, title and interest of any and every kind and character, to or in the property, real, personal and mixed, and wheresoever situated, including all trade acceptances, notes, accounts receivable, choses in action, and all evidences of property and property rights to which the said committee became or at any time was entitled to under or by virtue of said Creditors' Agreement, and the said Creditors' Committee is hereby dissolved.''

It is claimed, however, that the bank is estopped from holding Polk County Lumber Company liable for the amount of the debt because of its agreement to accept a different settlement, that is, that the bank agreed to accept a deed to the land embraced in the mortgage in full satisfaction of its claim.

The record shows that Tyre Donovan wrote a letter on January 16, 1928, to one E. A. Schmid, as follows:

"COMMERCIAL BANK & TRUST CO.
CAPITAL STOCK $100,000.00
SURPLUS $50,000.00
HAINES CITY, FLORIDA

January 16, 1928.

Mr. E. A. Schmid,
Haines City, Florida.
Dear Sir:

With reference to the note we hold given by the Gulledge Lumber Company in amount $27,000.00 and later assumed by the Polk County Lumber Company, this is to inform you we will accept warranty deed for the property covered by the mortgage given to secure the above mentioned note in satisfaction of the obligation. Said warranty deed and transfer to meet with the approval of our attorney.

Yours very truly,

TYRE DONOVAN,

Cashier."

It does not appear that this proposition, if binding upon the bank, was accepted by the Polk County Lumber Company.

It appears that this proposition was made by Commercial Bank & Trust Company with the understanding that if the proposition went through, the Polk County Lumber Company would lease the lands at a fixed rental and continue to use the same and that other considerations would move to Commercial Bank & Trust Company; that none of these conditions materialized.

The record fails to show such an agreement between the parties as would bind Commercial Bank & Trust Company to accept a deed conveying the lands embraced in the mortgage in full satisfaction of this debt.

·It is apparent on the face of the record that Polk County Lumber Company was organized for the purpose of merging the assets and liabilities of Gulledge Lumber Company into Polk County Lumber Company that such merger was actually accomplished. The law as applicable to this case was enunciated by this Court in Bloxham, Comptroller, et al., v. F. C. & P. R. R. Co., 35 Fla. 625, 17 .So. R. 902, in which the Court in an opinion prepared by Mr. Justice LIDDON, say:

"The case of Hancock v. Holbrook, 40 La. Ann. 53, 3 So. R. 351, was a case where the stockholders of a corporation, through the medium of an individual who was not a stockholder, bought property at a judicial sale in the name of the corporation and immediately conveyed the same to a new corporation composed of the same stockholders and individual through whom the property was. purchased. The Court (text page 61), speaking upon the contention that the property in the hands of the new corporation was not liable for the debts of the company, says: 'The new corporation was simply the Herald Company *plus* Holbrook, as evidenced by the glaring fact that its stock, except that assigned to Holbrook, was distributed without other consideration among the Herald stockholders in exact proportion to their stock therein. The proposition that the stockholders of a corporation can buy property in its name on credit, immediately thereafter form a new corporation in which their interests are the same and based on no new consideration, transfer the property bought to the new corporation and then hold it free from any liability to the vendor or creditors is one which can not be sustained in reason or by authority. It is perfectly plain that the new Picayne Company, quoad this.

property, stood in the shoes of the Herald Company and was bound for the latter's debt to the extent of its value.' To similar effect also are Brum v. Merchants' Mutual Insurance Co., 16 Fed. R. 140, S. C. 4 Woods, 156; Blair v. St. Louis, Hannibal Ceekuk R. R. Co., 22 Fed R. 36; Georgia Ice Company v. Porter & Meakin, 70 Gr. 637. In the case of Hibernia Insurance Co. v. St. Louis & New Orleans Transportation Co., 13 Fed. R. 516, S. C. 4 McCrary, 432, upon this subject it is aptly said: 'It is the duty of the Court to examine the whole transaction, and to cut through mere paper transfers designed to obstruct or destroy the rights of the parties. The evidence sufficiently discloses that the new corporation was a mere continuance of the old, with substantially the same parties in interest—a mere change of name. Whether that change, with attendant transfers, was designed or not to defeat all outstanding demands of the old corporation, it is evident that substantially the two corporations are the same, and that the new must respond to the obligations of the old. * * * A mere change of name can not avoid obligations. The new corporation took all the property of the old, went forward with its business, had the same stockholders, except a few formal ones, was, in short, the old corporation, and now seeks to escape the obligations of the old, rescuing the property of the latter from the demands the former was bound to meet. Can this be done? The old corporation and its property were liable to the demands of the plaintiff. The new corporation must respond to the extent of the property acquired, and possibly to the full extent; that is, if property sufficient therefor is in its possession'.''

It appears that Polk County Lumber Company by the merger above referred to became liable for the payment of the debt of Gulledge Lumber Company and that such liability has not been discharged. The decree of the chancellor should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J. Concur.

TERRELL, C. J., AND ELLIS, J., concur in the opinion and judgment.